COVINGTON, Judge.
Plaintiff, Crawler Supply Company, Inc., appeals from a judgment awarding an allegedly insufficient recovery for a fire loss insured by defendant, Bituminous Casualty Corporation. In addition to seeking an increase in the award, appellant seeks penalties and attorney’s fees for appellee’s failure to pay the loss timely. Appellee has answered the appeal, contending that the trial court erred in awarding any amount of recovery to appellant. We amend and, as amended, affirm.
*1225 The fire in question occurred on October 18,1973, in Franklin County, Mississippi, to the insured property, a 1973 Case 825 log skidder, about five months after its purchase. The skidder had been sold, new, by appellant to Clemon Durham, a resident of Mississippi, on May 21, 1973. The purchase price was for $32,434.78, of which $6,309.58 was paid in cash, leaving a balance of $26,-125.20 [$26,125.28] which was represented by a note secured by a “conditional sale contract.” The note and security were assigned by appellant to CIT Corporation. Subsequently, fire insurance was obtained from appellee in the amount of $26,125 with a $250 deductible provision.
On October 18, 1973, during the coverage period of the insurance policy, the log skid-der caught fire and was damaged while it was being operated. After negotiations for settlement failed, appellant was required to pay off CIT because Durham refused to make further payments on the note and sales contract. Then CIT assigned its rights and interest to appellant. In the meantime, the damaged log skidder was towed out of the woods to the edge of a road where it was left until it was towed away by appellant more than a year later.
Appellant contends the trial court erred in awarding it the sum of $5,350[1] instead of total-loss value of $20,500 (fair-market value less salvage value). Appellant also contends the insurer should be assessed with penalties and attorney’s fees. On the other hand, appellee contends there was no coverage because the insured abandoned the equipment following the fire. Appellee also contends that appellant failed to prove damages.
First, appellant argues that since the evidence establishes that the skidder was totally destroyed, the award fixed by the court should have been the fair-market value, less the salvage value and the deductible. We agree; the trial court was in error in limiting the award to “cost of repairs.” All of the credible evidence leads to the conclusion that the skidder could not be economically repaired. It must, therefore, be considered a total loss. The correct measure of the loss when the thing can not be economically repaired is the difference between its fair market value on the date of the fire and its salvage value. Cryer v. Gulf Insurance Company, 276 So.2d 889 (La. App. 1 Cir. 1973). The record establishes that the skidder was purchased new only 4-5 months prior to the fire and it was still under warranty. The purchase price was $32,434.78. The evidence shows that just prior to the fire the skidder was in good condition. Bill Buzbee, the President of Crawler Supply Company, testified that pri- or to the fire the skidder was worth between $23,000 and $28,500. We find that from the testimony of Buzbee, the purchase price of the equipment, the length of time that it had been used, its age, its insurance value, its good condition and other factors in the record, we can fix the fair market value of the skidder at $23,000 on the date of the fire. The appellant is entitled to this sum, less the salvage and the deductible. The evidence establishes the salvage value at $2,500. Plaintiff’s recovery is also reduced for the $250 deductible. We amend the judgment in this respect.
Appellant next contends that it is entitled to penalties and attorney’s fees because the insurer was arbitrary and capricious in failing to pay the claim within the contemplation of LSA-R.S. 22:658. Where there is a serious dispute as to the nature of the loss, as there was in the instant case, the insurer's refusal to pay the claim is not arbitrary, capricious, or without probable cause. Reed v. United States Fidelity and Guaranty Company, 302 So.2d 354 (La.App. 3 Cir. 1974). Thus, we agree with, and affirm, the trial court’s denial of penalties and attorney’s fees.
Turning now to a consideration of the additional issue raised by appellee in its *1226 answer to the appeal, the defense of abandonment. We have reviewed the evidence on this question, and find that the trial judge fully disposed of this issue in his written reasons. We adopt that portion of the reasons dealing with the question of abandonment as our own:
“The defendant submits that under the policy provisions Clemon Durham had the duty to do whatever was necessary to protect the unit. Under stated ‘conditions’, the policy states:
‘PROTECTION OF PROPERTY. In case of loss, it shall be lawful and necessary for the Insured, his or their factors, servants and assigns, to sue, labor and travel for, in and about the defense, safeguard and recovery of the property insured hereunder, or any party thereof, without prejudice to his insurance, nor shall the acts of the Insured or the Company, in recovering, saving and preserving the property insured in case of loss be considered a waiver or an acceptance of abandonment. The expenses so incurred shall be borne by the Insured and the Company proportionately to the extent of. their respective interest.’ (Emphasis supplied)
“The evidence reflects that several days following the fire, Robert Regan, who was an adjuster for an independent firm retained by Bituminous, went to inspect the skidder. The skidder was towed out to the edge of the road at his request. It was the opinion of Regan that the skidder could be repaired and was not a total loss. However, according to Regan, Durham was of a contrary opinion and said that the insurer should pay for it as it was a total loss and could do what it wished with the unit. (Exhibit P & D-3), Deposition of Robert Regan, Page 15. [It seems that Durham was somewhat supported in his opinion that the vehicle was a total loss because on a later occasion A. B. Hodges, an experienced dealer in skidders told Durham that ‘the machine was a total loss except for minor salvage value of about $2,500.’] Apparently, the unit remained alongside the road for more than a year when it was finally retrieved by Crawler Supply. Counsel for the insurer is correct when he contends that Durham thereafter made no efforts to protect the unit or preserve it in any respects. Counsel for the plaintiff, however, strenuously argues that if the insured was of the belief that the equipment was a total loss, he had no further responsibility under the policy to protect it. He further contends that the status of the unit was essentially unchanged since it usually stayed outdoors in the woods anyway.
“The court is of the opinion that the plaintiff should prevail as to this defense. The purpose of the aforementioned provision was to require insurers [insureds] to preserve insured property from theft, loss or depreciation where it was obvious that the property was not a total loss and conservative efforts by the insured would maintain its condition and value. In the present instance, the plaintiff was a knowledgeable operator of skidders and knew their value. It appears that his estimate that it was a total loss was at least supported by another experienced person in the field. The question of whether he should have taken steps to preserve the equipment in accordance with the policy requirements should be considered from his vantage point of whether the unit was a total loss or not. The court finds that on the face of it, he was reasonable in his assessment and that his abandonment of the unit should not be a valid coverage defense.”
For the foregoing assigned reasons, we amend the judgment to be in favor of Crawler Supply Company, Inc., plaintiff, and against the defendant, Bituminous Casualty Corporation, in the full sum of $20,-250, with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings. In all other respects the judgment appealed is affirmed. The appellee, Bituminous Casualty Corporation, is cast for costs of this appeal.
AMENDED AND, AS AMENDED, AFFIRMED.

. The Court originally awarded $6,500, but on application for new trial it amended the award “to reflect a correction of typographical error in the amount of damages allowed, and to allow for reduction of the amount of damages to reflect the deductible included in the insurance policy in question .... ”